CHARLES J. KUPPER, PLAINTIFF-RESPONDENT, v. JOHN E. BARGER, *ET AL.*, DEFENDANTS-APPELLANTS.

KUPPER, INC., A CORPORATION OF THE STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v. JOHN E. BARGER, *ET AL.*, DEFENDANTS-APPELLANTS.

Superior Court of New Jersey
Appellate Division

Argued November 21, 1955—Decided December 1, 1955.

Before Judges CLAPP, JAYNE and FRANCIS.

*Mr. Franklin H. Berry* argued the cause for appellants (*Messrs. Berry, Whitson & Berry*, attorneys).

*Mr. Adrian M. Unger* argued the cause for respondents (*Messrs. Milton M. and Adrian M. Unger*, attorneys).

*Mr. Louis D. Champion* argued the cause for South Jersey Title Ins. Co. (*Mr. Charles C. Babcock*, attorney).

The opinion of the court was delivered

PER CURIAM. On the former appeal we determined that the basic stipulation of settlement "was * * * not sufficiently complete to warrant the entry of the judgment under the attribution of the mutual consent of the parties." Because of the absence of necessary parties to that appeal, we declined "either to affirm or reverse the judgment under review." We then proceeded to state:

"In the existing situation it is our conclusion that the appeal must be dismissed, but we nevertheless express our *conclusion that the judgment should be vacated*, and to avoid the procedural impediment which restrains us from doing so, we are mindful of the power and authority of the trial court to afford the appellants that relief * * * upon application and notice thereof to all of the parties to the original cause. * * *" *Kupper v. Barger*, 33 *N. J. Super.* 491 (*App. Div.* 1955).

The mandate provided, in part, that "the record be remitted to the Superior Court, Chancery Division, to be there proceeded with in accordance with the rules and practice relating to that Court, *consistent* with the opinion of this Court." (Emphasis supplied)

 Thereupon counsel for the appellants made an application to vacate the judgment which the judge below denied on the basis of an asserted lack of authority. In the circumstances, this action was erroneous.

"It is the well established, if not the universally accepted, rule that the trial court is under a peremptory duty to obey in the particular case the * * * mandate of the appellate court precisely as it is written, even though the * * * mandate is manifestly erroneous." *Hellstern v. Smelowitz,* 17 *N. J. Super.* 366, 370 *(App. Div.* 1952).

*Vide, In re Plainfield-Union Water Co.,* 14 *N. J.* 296, 303–304 (1954).

From a reading of the transcript of the argument on the application to vacate the judgment, we are satisfied that the action of the court resulting in the order here for review stemmed from a misconception of our decision.

Accordingly we reverse that order and remand the cause to the Chancery Division with directions to vacate the judgments, and to accord all parties to the actions a trial on the merits.